IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., )<br>)<br>Appellant, )<br>v. )<br>)<br>HARLEYSVILLE MUTUAL )<br>INSURANCE CO. et al., )<br>)<br>Appellees. ) | Case No. 12-1761 |

**APPELLANT'S CONTESTED MOTION TO RECONSIDER ORDER STRIKING HAMMONDS' BRIEF OR, IN THE ALTERNATIVE, TO DEEM BRIEF PART OF THE RECORD FOR LIMITED PURPOSES**

Appellant Hartford Fire Insurance Company ("Hartford"), by undersigned counsel, moves for reconsideration of the Court's January 16, 2013 Order [Doc. 52], and states as follows:

1. At oral argument, Harleysville Mutual Insurance Company ("Harleysville"), as part of its argument that G.R. Hammonds, Inc. ("Hammonds") lacked a "dog in the fight," asserted: "Nor did Hammonds file an appellate brief in this Court.'" Oral Arg. Rec., 29:38–29:52. That incorrect statement has opened the door to reconsideration of the Court's earlier decision striking Hammonds' brief.

2. In fact, Hammonds filed a brief on December 21, 2012, and contemporaneously moved for leave to file a separate appellee brief. *See* Br. of G.R. Hammonds, Inc. [Doc. 37 (restricted link)], attached hereto as Ex. A; G.R. Hammonds Mot. Leave File Sep. Br. [Doc. 38].

11501/0/SK1322.DOCXv1

3. Hartford supported the motion. *See* Hartford Resp. [Doc. 46]). First Mercury Insurance Company, which took no position on remand before joining Harleysville's appellate brief, did not object. *See* First Mercury Resp. [Doc. 41]).

4. Harleysville, joined by First Financial Insurance Company and Assurance Company of America (which below took no position on remand and admitted Hammonds' interest in the case, *J.A. 156*), moved to strike the brief or, alternatively, for leave to file a supplemental brief in response to Hammonds' brief. *See* Harleysville & First Fin. Resp. [Doc. 44]); Assur. Resp. [Doc. 45]).

5. In reply, Hammonds admitted its failure to notify its fellow Appellees of its intention to file a separate brief, but it consented to Harleysville's alternative request to file a supplemental brief. *See* Hammonds Reply [Doc. 49].

6. By Order entered January 16, 2013 [Doc. 52], the Court denied Hammonds' motion for leave, and the Court struck Hammonds' brief.

7. The discretionary "good cause" standard governs whether Hammonds should be permitted to file a separate brief, and whether Hartford can seek reconsideration more than 14 days after the original ruling. *See* Local Rule 28(d) ("Motions to file separate briefs are not favored by the Court and are granted only upon a particularized showing of good cause, such as, but not limited to, cases in which the interests of the parties are adverse."); *compare* Local Rule 27(b) (14-day

11501/0/SK1322.DOCXv1

deadline), *with* Fed. R. App. P. 26(b) ("For good cause, the court …may permit an act to be done after [the] time expires.").

8.  Harleysville's contentions at oral argument, made more than 14 days after entry of the Order, supply such good cause. Harleysville conceded the obvious relevance of whether Hammonds filed an appellate brief, and—having successfully moved to strike Hammonds' brief—inaccurately stated that Hammonds did not file a brief. Just as a District Court may reconsider a ruling excluding evidence if the objecting party later opens the door to that evidence, *see* Wright & Graham, 21 Fed. Prac. & Proc. Evid. § 5039.1 (2d ed.), Harleysville's oral contentions opened the door to reconsideration of the Order.

9.  Alternatively, if the Court finds it inappropriate to give Hammonds' brief full consideration, Hartford asks the Court to deem that brief part of the record for the limited purpose of demonstrating that Hammonds' asserted interest was sufficient to motivate it to attempt to file a brief. The Court asked Hartford whether that brief was in the record, and Hartford responded that it was. Oral Arg. Rec., at 41:29–42:02. Upon further review, counsel sees that the Clerk removed Hammonds' brief from the docket upon entry of the Order. *See* Docket Entry No. 37.

WHEREFORE, Hartford asks that the Court (i) reconsider its January 16, 2013 Order so as to accept Hammonds' brief under Local Rule 28(d); or (ii) deem

3

Hammonds' brief, attached hereto as Exhibit A, part of the record for the limited purpose of reflecting that Hammonds' asserted interest was sufficient to motivate it to attempt to file a brief.

                    Respectfully submitted:

                    /s/ *Steven M. Klepper*
                    Lee H. Ogburn
                    Steven M. Klepper
                    KRAMON & GRAHAM, P.A.
                    One South Street, Suite 2600
                    Baltimore, Maryland 21202-3201
                    (410) 752-6030

                    *Attorneys for Appellant*

## LOCAL RULE 27(a) STATEMENT

Pursuant to Local Rule 27(a), I informed counsel for the other parties of the intended filing of this motion. Their responses were as follows:

1. Counsel for G.R. Hammonds, Inc. consented.

2. Counsel for Harleysville, Assurance, and First Financial advised that their clients object, and one or more opposition memoranda will be filed.

3. As of filing, counsel for First Mercury has not responded.

                    /s/ *Steven M. Klepper*
                    Steven M. Klepper

## CERTIFICATE OF SERVICE

I hereby certify that, on September 25, 2013, I filed a copy of the foregoing paper with the Court's CM/ECF system, which will send copies to:

David L. Brown, Esquire (dbrown@nldhlaw.com)
David G. Harris, II, Esquire (dharris@nldhlaw.com)
Robert Curt Calamari, Esquire (bob.calamari@nelsonmullins.com)
*Counsel for Appellee Harleysville Mutual Insurance Company*

M. Dawes Cooke, Jr., Esquire (mdc@barnwell-whaley.com)
*Counsel for Appellee First Mercury Insurance Company*

Mark S. Barrow, Esquire (msb@swblaw.com)
 William R. Calhoun, Jr., Esquire (wrc@swblaw.com)
Aaron J. Hayes, Esquire (ajh@swblaw.com)
*Counsel for Appellee First Financial Insurance Company*

Phillip E. Reeves, Esquire (preeves@gwblawfirm.com)
Thomas E. Vanderbloemen, Esquire (TVanderbloemen@gwblawfirm.com)
*Counsel for Appellee Assurance Company of America*

James A. Merritt, Jr., Esquire (jmerritt@merrittwebb.com)
*Counsel for Appellee G.R. Hammonds, Inc.*

           /s/ *Steven M. Klepper*
           Steven M. Klepper